## JENNIE MARTIN, Adm'x, V. W. M. SHUMATTE AND JOHN A. MATHEWS.

IN THE SUPREME COURT OF TEXAS, TYLER TERM, 1884.

*Promissory Note.*—If by some clause in the body of the instrument, the elements, which impart to it negotiability are limited or qualified, the negotiable character of the paper as an ordinary promissory note is distroyed.

*Pleading.*—In an action upon such an instrument, the nature character and extent of the obligation incured by the parties must be fully set forth in the pleadings.

Appeal from Anderson County.

We are of the opinion that upon the whole case here made by the pleadings of the appellant, taking them altogether, that the learned judge below, for several good reasons, committed no error in sustaining the special exceptions taken to the appellant's cause of ac-

tion in the manner and form in which it was presented to the court in her pleadings.

The instruments therein set forth were not negotiable promissory notes. The authorities are very full indeed, and satisfactory to the effect, that though the written contract which is made the basis of the party's cause of action may have on its face several of the ordinary features of a common promissory note, and may in the body of the written instrument use some of the conventional terms that would ordinarily confer upon it the character of negotiability, yet if by some clause or stipulation in the body of the instrument these elements which impart to it negotiability are limited or qualified, the negotiable character of the paper as an ordinary promissory note is destroyed.

In order to maintain an action on such an instrument, the nature, character and extent of the obligation incurred by the parties executing it, must be fully and distinctly set forth. Alves v. Hodgson, 7 Tenn. 241; Manrow v. Durham, 3 Hill (N. Y.) 584; Brewster v. Silence, 4 Seld. 207; Parsons on Notes and Bills, vol. 1, p. 42, ch. 3, sec. 5: also vol. 2, ch. 15, sec. 3, p. 534; also same author on Contracts, vol. 2, p. 525; 1 Daniel on Negotiable Insts., 59, 60, 79, 149; See also Goldman v. Blum et al., 58 Texas, 630; see also in this connection Salinas v. Wright, 11 Texas 572; Hutchins v. Wade, 20 Texas 57. Many other authorities have been examined and could be referred to, but the above are deemed to be sufficient.

The statement of the nature and character of the instrument made the basis of the appellant's cause of action, was not in the pleadings set forth with sufficient certainty. Under the circumstances, the special exceptions of appellees were properly sustained.

The judgment of the district court in dismissing the cause is affirmed.                                                             West, J.